JAN P. WEIR (SBN 106652)
   jweir@mrllp.com
JEFFREY D. FARROW (SBN 180019)
   jfarrow@mrllp.com
JOSEPH J. MELLEMA (SBN 248118)
   jmellema@mrllp.com
KATHRINE J. BRANDT (SBN 262740)
   kbrandt@mrllp.com
MICHELMAN & ROBINSON, LLP
17901 Von Karman Avenue, Suite 1000
Irvine, CA  92614
Telephone:  714-557-7990
Facsimile:    714-557-7991
Attorneys for Plaintiff S&B FILTERS INC.

JAMES E. DOROSHOW (SBN 112920)
   jdoroshow@foxrothschild.com
ASHE PURI (SBN 297814)
   apuri@foxrothschild.com
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA  90067-1506
Telephone:  310-598-4150
Facsimile:    310-556-9828
Attorneys for Defendant R2C PERFORMANCE PRODUCTS LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| S&B FILTERS INC.,<br><br>            Plaintiff,<br><br>     vs.<br><br>R2C PERFORMANCE PRODUCTS LLC,<br><br>            Defendant. | Case No.: EDCV 16-1069-JFW(MRWx)<br><br>Hon. Judge John F. Walter<br><br>~~STIPULATED~~ **PROTECTIVE ORDER**<br><br>Complaint Filed:  May 23, 2016<br>Counterclaim Filed:  June 16, 2016<br>Amended Answer Filed:  June 21. 2016 |

**1**
**STIPULATED PROTECTIVE ORDER**

201432

1. <u>INTRODUCTION</u>

   1.1   <u>PURPOSES AND LIMITATIONS</u>

   Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

   1.2   <u>GOOD CAUSE STATEMENT</u>

   This action involves claims for trademark infringement, trade dress infringement, false designation of origin and unfair competition.  The parties are manufacturers and sellers of cold air intake systems and air filters.  In order to establish their claims and defenses, the parties are seeking discovery regarding information which the parties deem confidential, including but not limited to non-public information regarding their sales, customer identities, financial information, business strategies, and potentially other commercially and competitively sensitive information.

   It is anticipated that there will be depositions of the parties' employees or agents and such persons will likely be asked to answer questions on these potentially sensitive subject areas.  Because this matter will necessarily involve

201432

1   requests for disclosure of confidential information, a protective order is therefore

2   necessary to avoid any prejudice or harm which likely result if such information

3   was disclosed in the absence of the protections set forth herein.  Accordingly, to

4   expedite the flow of information, to facilitate the prompt resolution of disputes

5   over confidentiality of discovery materials, to adequately protect information the

6   parties are entitled to keep confidential, to ensure that the parties are permitted

7   reasonable necessary uses of such material in preparation for and in the conduct of

8   trial, to address their handling at the end of the litigation, and serve the ends of

9   justice, a protective order for such information is justified in this matter.  It is the

10  intent of the parties that information will not be designated as confidential for

11  tactical reasons and that nothing be so designated without a good faith belief that it

12  has been maintained in a confidential, non-public manner, and there is good cause

13  why it should not be part of the public record of this case.

14

15  2.   DEFINITIONS

16       2.1   Action:  this pending federal law suit, *S&B Filters Inc. v. R2C*

17  *Performance Products LLC*, 16cv01069-JFW-MRW.

18       2.2   Challenging Party:  a Party or Non-Party that challenges the

19  designation of information or items under this Order.

20       2.3   "CONFIDENTIAL" Information or Items:  information (regardless of

21  how it is generated, stored, or maintained) or tangible things that qualify for

22  protection under Federal Rule of Civil Procedure 26(c), and as specified above in

23  the Good Cause Statement.   A Designating Party may designate Confidential

24  Information or Items either CONFIDENTIAL or HIGHLY CONFIDENTIAL –

25  OUTSIDE COUNSEL OF RECORD ONLY, as follows:

26       (a)   CONFIDENTIAL designation.  A Designating Party may

27  designate material CONFIDENTIAL only if it deems that a reasonable basis exists

28

**3**
**STIPULATED PROTECTIVE ORDER**

201432

1    for limiting dissemination of the material under the standards of Rule 26 and that

2    the material contains confidential and/or proprietary commercial information that is

3    not generally available to the public

4            (b)    HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL OF

5    RECORD ONLY.  A Designating Party may only designate material HIGHLY

6    CONFIDENTIAL – OUTSIDE COUNSEL OF RECORD ONLY if it deems that

7    disclosure of such material to another person or party would be injurious to the

8    commercial interests of the designating entity under the standards of Rule 26 and

9    that the material contains highly proprietary technical or trade secret or business

10   information so that the risk of improper use or disclosure to another party

11   outweighs the right of that party to review such information.

12           2.4    Counsel:  Outside Counsel of Record and House Counsel (as well as

13   their support staff).

14           2.5    Designating Party:  a Party or Non-Party that designates information

15   or items that it produces in disclosures or in responses to discovery as

16   "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL

17   OF RECORD ONLY."

18           2.6    Disclosure or Discovery Material:  all items or information, regardless

19   of the medium or manner in which it is generated, stored, or maintained (including,

20   among other things, testimony, transcripts, and tangible things), that are produced

21   or generated in disclosures or responses to discovery in this matter.

22           2.7    Expert:  a person with specialized knowledge or experience in a

23   matter pertinent to the litigation who has been retained by a Party or its counsel to

24   serve as an expert witness or as a consultant in this Action.

25           2.8    House Counsel:  attorneys who are employees of a party to this

26   Action. House Counsel does not include Outside Counsel of Record or any other

27   outside counsel.

28

**4**
**STIPULATED PROTECTIVE ORDER**

201432

2.9   <u>Non-Party:</u>  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   <u>Outside Counsel of Record:</u>  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11   <u>Party:</u>  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   <u>Producing Party:</u>  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13   <u>Professional Vendors:</u>  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium)and their employees and subcontractors.

2.14   <u>Protected Material:</u>  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL OF RECORD ONLY."

2.15   <u>Receiving Party:</u>  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

201432

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

**STIPULATED PROTECTIVE ORDER**

201432

1    If it comes to a Designating Party's attention that information or items that it

2    designated for protection do not qualify for protection, that Designating Party must

3    promptly notify all other Parties that it is withdrawing the inapplicable designation.

4    5.2    <u>Manner and Timing of Designations:</u>  Except as otherwise provided in

5    this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

6    stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

7    under this Order must be clearly so designated before the material is disclosed or

8    produced.

9    Designation in conformity with this Order requires:

10    (a)  for information in documentary form (e.g., paper or electronic

11    documents, but excluding transcripts of depositions or other pretrial or trial

12    proceedings), that the Producing Party affix at a minimum, the legend

13    "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") or "HIGHLY

14    CONFIDENTIAL – OUTSIDE COUNSEL OF RECORD ONLY" (hereinafter

15    "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL OF RECORD ONLY

16    legend"), to each page that contains protected material.  If only a portion or

17    portions of the material on a page qualifies for protection, the Producing Party

18    also must clearly identify the protected portion(s) (e.g., by making appropriate

19    markings in the margins).

20    A Party or Non-Party that makes original documents available for

21    inspection need not designate them for protection until after the inspecting Party

22    has indicated which documents it would like copied and produced. During the

23    inspection and before the designation, all of the material made available for

24    inspection shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL

25    OF RECORD ONLY." After the inspecting Party has identified the documents it

26    wants copied and produced, the Producing Party must determine which documents,

27    or portions thereof, qualify for protection under this Order.  Then, before

28

**7**

**STIPULATED PROTECTIVE ORDER**

producing the specified documents, the Producing Party must affix the "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL OF RECORD ONLY legend" or "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legends "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL OF RECORD ONLY."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3   <u>Inadvertent Failures to Designate:</u>  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1   <u>Timing of Challenges.</u>  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     <u>Meet and Confer.</u>   The Challenging Party shall initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 et seq.

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1     <u>Basic Principles.</u>   A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items.</u>   Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

**9**
**STIPULATED PROTECTIVE ORDER**

1    (a)  the Receiving Party's Outside Counsel of Record in this Action,
2  as well as employees of said Outside Counsel of Record to whom it is reasonably
3  necessary to disclose the information for this Action;

4    (b)  the officers, directors, and employees (including House Counsel)
5  of the Receiving Party to whom disclosure is reasonably necessary for this Action;

6    (c)  Experts (as defined in this Order) of the Receiving Party to whom
7  disclosure is reasonably necessary for this Action and who have signed the
8  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

9    (d)  the Court and its personnel;

10    (e)  court reporters and their staff;

11    (f)  professional jury or trial consultants, mock jurors, and
12  Professional Vendors to whom disclosure is reasonably necessary for this Action
13  and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit
14  A);

15    (g)  the author or recipient of a document containing the information
16  or a custodian or other person who otherwise possessed or knew the information;

17    (h)  during their depositions, witnesses, and attorneys for witnesses, in
18  the Action to whom disclosure is reasonably necessary provided: (1) the deposing
19  party requests that the witness sign the form attached as Exhibit A hereto; and (2)
20  they will not be permitted to keep any confidential information unless they sign the
21  "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise
22  agreed by the Designating Party or ordered by the court. Pages of transcribed
23  deposition testimony or exhibits to depositions that reveal Protected Material may
24  be separately bound by the court reporter and may not be disclosed to anyone
25  except as permitted under this Stipulated Protective Order; and

26    (i)  any mediator or settlement officer, and their supporting personnel,
27  mutually agreed upon by any of the parties engaged in settlement discussions.

28

**10**
**STIPULATED PROTECTIVE ORDER**

201432

7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL OF RECORD ONLY" Information or Items.</u>

A Receiving Party may not disclose HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL OF RECORD ONLY except upon the conditions described in this Order and to the persons described in subparagraphs 7.2(a) and 7.2(c)-7.2(i) above.

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL OF RECORD ONLY," that Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL OF RECORD ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking

**STIPULATED PROTECTIVE ORDER**

201432

protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL OF RECORD ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential or highly confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential or highly confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party, if requested.

201432

(c)  If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential or highly confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify

1    whatever procedure may be established in an e-discovery order that provides for
2    production without prior privilege review. Pursuant to Federal Rule of Evidence
3    502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure
4    of a communication or information covered by the attorney-client privilege or
5    work product protection, the parties may incorporate their agreement in the
6    stipulated protective order submitted to the court.

7    12.    MISCELLANEOUS

8         12.1   Right to Further Relief.  Nothing in this Order abridges the right of
9    any person to seek its modification by the Court in the future.

10        12.2   Right to Assert Other Objections.  By stipulating to the entry of this
11   Protective Order no Party waives any right it otherwise would have to object to
12   disclosing or producing any information or item on any ground not addressed in
13   this Stipulated Protective Order. Similarly, no Party waives any right to object on
14   any ground to use in evidence of any of the material covered by this Protective
15   Order.

16        12.3   Filing Protected Material. A Party that seeks to file under seal any
17   Protected Material must comply with Civil Local Rule 79-5. Protected Material
18   may only be filed under seal pursuant to a court order authorizing the sealing of the
19   specific Protected Material at issue. If a Party's request to file Protected Material
20   under seal is denied by the court, then the Receiving Party may file the information
21   in the public record unless otherwise instructed by the court.

22

23   13.    FINAL DISPOSITION

24        After the final disposition of this Action, as defined in paragraph 4, within
25   60 days of a written request by the Designating Party, each Receiving Party must
26   return all Protected Material to the Producing Party or destroy such material. As
27   used in this subdivision, "all Protected Material" includes all copies, abstracts,

28

compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.    Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  September 21, 2016          /s/  Jan P. Weir
                                                             Jan P. Weir
                                                             Jeffrey D. Farrow
                                                             Joseph J. Mellema
                                                             Kathrine J. Brandt
                                                             MICHELMAN & ROBINSON, LLP
                                                             Attorneys for Plaintiff
                                                             S&B FILTERS INC.

**15**
**STIPULATED PROTECTIVE ORDER**

DATED:  September 21, 2016          /s/  James E. Doroshow
                                   James E. Doroshow
                                   Ashe Puri
                                   FOX ROTHSCHILD LLOP
                                   Attorneys for Defendant
                                   R2C PERFORMANCE PRODUCTS LLC

## **CERTIFICATION OF FILER (L.R. 5-4.3.4)**

All other signatories listed above on whose behalf this filing is submitted concur in the filing's content and have authorized this filing.

DATED:  September 21, 2016          /s/  Kathrine J. Brandt
                                   Kathrine J. Brandt
                                   MICHELMAN & ROBINSON, LLP
                                   Attorneys for Plaintiff
                                   S&B FILTERS INC.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED:  09/22/16                        /S/ MICHAEL R. WILNER
                                   HON. MICHAEL R. WILNER
                                   United States Magistrate Judge

**16**
**STIPULATED PROTECTIVE ORDER**
201432

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ **[full name]**, of _____**[full address]**, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ **[date]** in the case of _____ **[insert case name and number]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ **[full name]** of _____ **[full address and telephone number]** as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

17

**STIPULATED PROTECTIVE ORDER**

201432